JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BENJAMIN MACIAS, | No. CV 20-7114-RGK (PLA) |
|            Petitioner, | |
|        v. | **ORDER DISMISSING CASE** |
| PATRICIA V. BRADLEY, Complex Warden, | |
|            Respondent. | |

**I.**

**PROCEEDINGS**

On August 3, 2020, petitioner filed a Request for Compassionate Release based on the ongoing COVID-19 pandemic. (ECF No. 1). On August 25, 2020, respondent filed a Motion seeking to dismiss or transfer the matter. (ECF No. 5). On September 21, 2020, petitioner filed a Reply to the Motion, in which he alleges constitutional violations and asks the Court to construe his request for compassionate release as a habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 8). The Magistrate Judge ordered respondent to file a response addressing petitioner's purported habeas claims. (ECF No. 9). On October 14, 2020, respondent filed a Response. (ECF No. 10).

/

## II.

## **SUMMARY**

In November 2018, pursuant to a jury trial in the United States District Court for the Eastern District of California, petitioner was convicted of the following crimes: conspiracy to distribute, and to possess with intent to distribute, cocaine (21 U.S.C. §§ 841(a)(1), 846); distribution of cocaine (21 U.S.C. § 841(a)(1)); possession with intent to distribute cocaine (21 U.S.C. § 841(a)(1)); and felon in possession of a firearm (18 U.S.C. § 922(g)(1)). (ECF No. 5 at 12, 39, 62). He was sentenced to a term of 146 months in federal prison. (Id. at 62-63). Petitioner appealed his conviction and sentence, and on June 16, 2020, the Ninth Circuit denied the appeal. (Id. at 71-76). Petitioner is currently housed at United States Penitentiary - Lompoc ("USP-Lompoc"). (See ECF No. 8 at 1).

On August 3, 2020, petitioner filed a Request for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 1). Petitioner alleges that because he has asthma and hypertension, he "falls into the CDC's guidelines for being a high risk individual for complications from COVID-19." (Id. at 9). He asserts that "extraordinary or compelling circumstances" warrant his compassionate release, such as "the imminent threat of possible infection and[/]or death" from the "COVID-19 disease outbreak at USP-Lompoc," the failure by prison officials to control the outbreak, and the fact he is "subject to administratively forced double inmate cell occupancy." (Id. at 17-18). Petitioner also requests release to home confinement. He cites a Memorandum issued by Attorney General William Barr on April 3, 2020, in which the Attorney General found that "emergency conditions are materially affecting the functioning of the Bureau of Prisons." (Id. at 2). This finding, petitioner argues, "invokes . . . the CARES Act (2020), length[en]ing the maximum amount of time a prisoner can be placed into home confinement under 18 U.S.C. 3624."[1] (Id.).

---

[1] On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which authorized the Director of the BOP "to lengthen the amount of time prisoners can be placed on home confinement under [18 U.S.C.] § 3624(c)(2) provided that the Attorney General makes a finding that 'emergency conditions will materially affect the functioning of the Bureau.'" Wilson v. Ponce, __ F.Supp.3d __, 2020 WL 3053375, at *6 (C.D. Cal. June 8, 2020).

Petitioner asserts that the BOP improperly denied his numerous requests for home confinement, as he meets the BOP's eligibility criteria and because additional factors -- such as the nature of his commitment offense, his institutional behavior, and the length of his prison term he has already served -- indicate home confinement is proper in his case. (Id. at 2-17).

In the instant Motion, respondent asserts the Court lacks jurisdiction to grant petitioner's request for compassionate release under 18 U.S.C. § 3582(c) because only the sentencing court may order such relief. (ECF No. 5 at 6-8). Respondent further contends the Court lacks jurisdiction to entertain petitioner's request for home confinement because, pursuant to 18 U.S.C. § 3624(c), the BOP has the exclusive authority to determine where an inmate is placed. (Id. at 9-10).

In his Reply to the Motion, petitioner asks the Court to liberally construe his Request for Compassionate Release as a habeas action that challenges the "fact or duration" of his confinement under 28 U.S.C. § 2241. (ECF No. 8 at 2). In support, petitioner claims that, given the COVID-19 outbreak at USP-Lompoc and his medical condition, his current confinement amounts to "cruel and unusual punishment" in violation of the Eighth Amendment. He also raises due process and equal protection claims, and sets forth numerous allegations describing how prison officials have failed to enforce adequate pandemic-related safety protocols at USP-Lompoc. (Id. at 3-13). Although petitioner again argues that home confinement is warranted, he also requests that the Court grant a restraining order against respondent, and custody credits at the rate of two and one-half days for every day petitioner has served. (Id. at 4-5, 7, 13).

The Magistrate Judge ordered respondent to address the purported habeas claims. In his Response, respondent asserts that petitioner's new claims attack the conditions of his confinement -- not the fact or duration of his confinement. As a result, petitioner's constitutional claims sound in civil rights, and not habeas. Respondent therefore contends that dismissal of petitioner's constitutional claims is warranted, as the claims exceed the Court's jurisdiction under § 2241. (ECF No. 10 at 5-6).

/
/

## III.

## **DISMISSAL IS WARRANTED**

The Court first addresses petitioner's request seeking compassionate release. Under 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may, upon motion of the BOP Director or upon motion of the defendant, reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." Such a motion seeking compassionate release must be addressed to the sentencing court. See United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires [compassionate-release] motions to be addressed to the sentencing court, a point several Circuits have noted[.]"); Bolden v. Ponce, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (federal inmate must file motion for compassionate release in the original sentencing court). Here, because petitioner was sentenced in the Eastern District of California, this Court lacks jurisdiction to entertain his compassionate-release request. In reaching this determination, the Court notes that on October 2, 2020, petitioner correctly filed a request for compassionate release directly in the sentencing court, and the matter is currently pending. (See Case No. 2:15-CR-0125-KJM, ECF No. 268). Accordingly, dismissal of petitioner's request for compassionate release is warranted, as there is no basis to transfer this action given that petitioner has already made the identical request in the sentencing court.

As for petitioner's request for home confinement under 18 U.S.C. § 3624, the Court likewise lacks the authority to grant such a remedy. The BOP "has the statutory authority to determine where prisoners serve their sentence." U.S. v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")). While a district court "has wide discretion in determining the length and type of sentence, [citation], the court has no jurisdiction to select the place where the sentence will be served." United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984). Accordingly, the Court lacks jurisdiction to grant petitioner's request for home confinement.[2]

---

[2] The Court notes that in the class action Torres v. Milusnic, 2020 WL 4197285, at *23 (C.D. Cal. July 14, 2020) the court certified, on a provisional basis, a class defined in pertinent part as
(continued...)

4

The Court next addresses petitioner's habeas challenge. In support of his constitutional claims, petitioner alleges that respondent is "holding [him] in jeopardizing confinement that can significantly lead to adverse health consequences up to and including death." (ECF No. 8 at 7). Petitioner alleges that social distancing and facial covering requirements are not enforced at USP-Lompoc, and that surfaces are only infrequently disinfected (including the showers, phones, computers, and tables). He further contends that inmates are allowed to congregate in large groups, and that certain areas -- such as the institution's movie theater and commissary -- lack adequate air circulation and filtration. (Id. at 7-12). Petitioner describes the BOP's failure to manage the COVID-19 outbreak at USP-Lompoc as "akin to criminal recklessness," and argues that respondent is required to make modifications to reduce the inmates' risk of exposure. (Id. at 7, 12-13).

A habeas petition is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973)). If a prisoner is challenging the conditions of confinement rather than the fact or duration of confinement, the legal remedy lies in a civil rights action. See Badea, 931 F.2d at 574; see also Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) ("Challenges to the validity of any confinement or to particulars affecting

---

[2](...continued)
"all current and future people in post-conviction custody at . . . USP Lompoc of any age with underlying health conditions including . . . asthma [and] hypertension or high blood pressure." The Torres petitioners contend, inter alia, that during the pandemic the BOP and the Lompoc Warden have been violating the Eighth Amendment by failing and/or misusing their statutory authority to maximize transfers to home confinement, and by not granting compassionate release. On July 14, 2020, the court issued a preliminary injunction to expedite the process for determining the class members' eligibility for home confinement or compassionate release which takes into account age and medical condition in light of COVID-19. (Id. at *19, 23-24). Petitioner in his Reply states that he has been identified as a "potential member of the provisional class." (ECF No. 8 at 9-10). Accordingly, to the extent petitioner seeks the same relief regarding expedited consideration for home confinement and compassionate release that takes into account medical conditions, the Torres court has entertained this claim and has already issued a preliminary injunction, and petitioner may not pursue a duplicate claim here. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result.").

its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.") (internal quotations and citations omitted). For a federal prisoner, a complaint concerning a condition of confinement may be brought in a civil rights action under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). See, e.g., Perea v. Ives, 2013 WL 256934, at *1 (C.D. Cal. Jan. 22, 2013) (federal prisoner's claim alleging inadequate medical care relates to his conditions of confinement and must be raised in a civil rights complaint under Bivens, and not in a § 2241 petition). When success on a petitioner's habeas claim would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." Nettles, 830 F.3d at 934-35.

Here, petitioner does not contest his conviction or sentence. Rather, based on the COVID-19 outbreak at USP-Lompoc, he seeks relief such as home confinement and/or custody credits. Although relief in the form of release or a shortened sentence is within the ambit of habeas corpus, the Court finds that petitioner's claims set forth in his Reply involve the *conditions* of his confinement -- such as social distancing and facial covering requirements, the adequacy of disinfecting protocols, the size of inmate groups, and the adequacy of air filtration and circulation systems. Claims challenging the conditions of confinement should be brought in a civil rights complaint, and not a habeas petition. See Wilson, 2020 WL 3053375, at *9-10 (C.D. Cal. June 8, 2020) (concluding request for release based on COVID-19 outbreak was not cognizable as a habeas claim); Bolden, 2020 WL 2097751, at *2 (holding that the petitioner's challenge to the conditions of his confinement during the COVID-19 pandemic should have been asserted in a civil rights complaint and not a habeas action, despite his request for immediate release).[3]

While a federal court does have discretion to construe a habeas petition as a civil rights complaint, under the circumstances here the Court declines to do so. First, there is no indication that petitioner has exhausted his available administrative remedies. Additionally, prisoners filing civil

---

[3] The Court notes, however, that there is a split of authority regarding whether claims by inmates seeking relief as a result of a COVID-19 outbreak are cognizable under § 2241. See Wilson, 2020 WL 3053375, at *9-10 (C.D. Cal. June 8, 2020) (listing cases, and noting that the issue of whether pandemic-related prisoner claims are cognizable under § 2241 ultimately "will be decided by the Ninth Circuit or the Supreme Court").

1  rights actions, unlike prisoners filing habeas actions, are liable for the full amount of the $350.00 filing
2  fee.  See 28 U.S.C. § 1915(b)(1); Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997) (in forma pauperis
3  provisions of 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, do not
4  apply to habeas actions).  Accordingly, if petitioner seeks to pursue any civil rights claim, he must do
5  so by filing a separate civil rights complaint in a new action.
6       In light of the foregoing, the Court **grants** respondent's Motion to Dismiss the Request for
7  Compassionate Release.  IT IS THEREFORE ORDERED that this action is **dismissed**.

8
9  DATED: November 10, 2020
10                                      HONORABLE R. GARY KLAUSNER
                                     UNITED STATES DISTRICT JUDGE